U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
AUG - 3 2000
ROBERT H. SHEMWELL, CLERK
BY ______ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PETER JULE DAHLEN | : | DOCKET NO. 96-CV-1300 |
| VS. | : | JUDGE TRIMBLE |
| GULF CREWS, INC. ET AL. | : | MAGISTRATE JUDGE WILSON |

# COURT'S INSTRUCTIONS TO THE JURY

## I. INTRODUCTION

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law that you are to apply to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in my instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system does not permit jurors to be governed by prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by me, and reach a just verdict regardless of the

340

consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

The defendant in this case is a corporation, so I must impress upon you that this fact does not, and cannot, have any bearing whatsoever on your decision with respect to the claims filed by the plaintiffs in this case. All defendants and all plaintiffs stand equal before the law, whether they be people or organizations.

## II. EVIDENCE & WITNESSES

As I have said, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. Similarly, if during the course of the trial I have said or done anything that you believe indicates that I might feel one way or the other about any witness or evidence, and I hope that I have not, you are instructed now to disregard it. You are the sole judges of the facts in this case.

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of the case. One is direct evidence--such as the testimony of any eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

I must also instruct you that any evidence as to which an objection was sustained by me or any evidence ordered stricken by me must be entirely disregarded.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his or her relationship to the plaintiff or the defendant; his or her interest, if any, in the outcome of the case; the manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which he or she testified; the candor, fairness and intelligence of the witness; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, then you may give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

During the course of the trial, you have heard testimony from certain witnesses who testified as expert witnesses. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

## III. THE BURDEN OF PROOF

The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by preponderance of the evidence,

you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If proof should fail to establish any essential element of plaintiffs' claim by a preponderance of the evidence, you should find for the defendant as to that claim.

The fact that a person is made a defendant in a lawsuit does not create an inference or presumption of liability on that defendant's part, for the law allows anyone to file suit against any person, and the mere fact that a party is named as a defendant in a suit in no way tends to establish or prove liability on the part of the defendant.

## IV. THE PARTIES & CLAIMS

In this case, the plaintiff Peter Dahlen seeks damages for personal injuries which he suffered while working on an offshore stationary platform. Plaintiff contends that his injuries were caused by the negligence of defendant Forest Oil Corporation as time charterer of the M/V Billy J. Plaintiff contends Forest Oil Corporation as time charterer was negligent in that Forest Oil Corporation failed to exercise ordinary care under the circumstances by failing to route the vessel so that the goods loaded in the grocery box would be unloaded in accordance with the First In/Last Out rule. Plaintiff contends that Forest Oil Corporation as time charterer of the M/V Billy J has an obligation (owes a duty) to Peter Dahlen to exercise ordinary care (reasonable care) to ensure that the vessel's cargo (the grocery box) is routed so that it can be discharged with reasonable safety.

## V. APPLICABLE LAW

In order to prove the essential elements of plaintiff's claim, the burden is upon the plaintiff to establish by a preponderance of the evidence in the case the following facts: First, Forest Oil Corporation was negligent in its capacity as charterer of the M/V Billy J. in one or more of the

particulars alleged; and second, the negligence of Forest Oil Corporation as time charterer was a proximate cause of some injury and consequent damage sustained by the plaintiff.

Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs. It is, in other words, the failure to use ordinary care under the circumstances in the management of one's person or property, or of agencies under one's control.

Ordinary care is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others. Ordinary care is not an absolute term, but a relative one. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances, as shown by the evidence in the case.

Forest Oil Corporation appears in this lawsuit in two separate capacities. First, Forest was the platform owner and operator of the platform on which Dahlen claims he was injured. Forest Oil also appears in this action in its capacity as time charterer of the M/V BILLY JAY. It is only as time charterer of this vessel that Forest can be held liable for the damages that the Plaintiff alleges. You cannot find Forest liable in this matter based on any actions or inaction in operating the platform or as Dahlen's employer.

A time charterer exercises control and owes a duty in four areas: the vessel's cargo, route, general mission, and the specific time in which the vessel will perform its assignment. Forest Oil Corporation was the time charterer of the vessel BILLY JAY and had the responsibility of routing the vessel.

Negligence is the failure to use reasonable care under all the circumstances. The vessel charterer has the legal duty to exercise only reasonable care to have the vessel and cargo in such condition that the platform owner and its employees and workers would be able by the exercise of reasonable care to carry on the work of unloading the cargo with reasonable safety to persons and property.

The charterer has no duty to supervise or inspect the loading or unloading of the cargo or to warn of open and obvious conditions.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage; and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

This does not mean that the law recognizes only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damages; and in such a case, each may be a proximate cause.

If you find that plaintiff was injured as a result of an accident, I charge you that some injuries occur without the fault or negligence of anyone. Some accidents are unavoidable. If you find that the plaintiff's injuries resulted from an "unavoidable accident," then you should find for the defendant. The term "unavoidable accident" means an occurrence not proximately caused by fault or negligence on the part of the defendant in this suit.

In addition, a failure to take every precaution against all foreseeable injury to another does

not necessarily constitute negligence.

Forest Oil Corporation contends that the plaintiff Peter Dahlen himself was negligent. Comparative negligence is the failure on the part of the plaintiff to exercise reasonable care. Reasonable care is that degree of care which a reasonably prudent person with plaintiff's background and experience would exhibit under the circumstances. Comparative negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances. Where it is shown that there existed a safe alternative available to the plaintiff of which he knew or should have known, the plaintiff's choice of an unsafe course of action can properly be considered by you in determining whether he was negligent. However, failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight does not constitute comparative negligence. You are instructed that Forest Oil Corporation has the burden of proving comparative negligence on Peter Dahlen's part by a preponderance of the evidence and that such negligence was a proximate cause of his injury.

If you find in favor of the defendants on the defense of comparative negligence, that will not prevent recovery by the plaintiff; it only reduces the amount of plaintiff's recovery. In other words, if you find that the accident was due partly to the fault of the plaintiff, that his own negligence was, for example 10 % responsible for his own damage, then you would fill in that percentage as your finding on the verdict form. Such a finding would not prevent the plaintiff from recovering; the court will merely reduce the plaintiff's total damages by the percentage that you insert. Of course, by using the number 10% as an example, I do not mean to suggest to you any specific figure at all. If you find that the plaintiff was negligent, you might find 1 % or 99 %. The total percentage of fault

assigned to plaintiff and defendant (or defendants) must total 100%.

In determining percentages of fault, various factors are to be considered, including but not limited to the following: whether the conduct resulted from inadvertence or involved an awareness of the danger; how great a risk was created by the conduct; the significance of what was sought by the conduct; the capacities of the actors, whether superior or inferior; any extenuating circumstances which might require the actor to proceed in haste, without proper thought; and the relationship between the negligent conduct.

A Tortfeasor takes the victim as he finds him and is responsible in damages for consequences of his tort even though the damages are greater because of the victim's prior condition. When the defendant's negligent act aggravates a preexisting condition or injury, the victim is entitled to compensation for the full extent of the aggravation.

The law recognizes that a medical condition producing disability is presumed to have resulted from an accident if before the accident the injured person was in good health but shortly after the accident the disability causing condition manifested itself providing the plaintiff proves by a preponderance of the evidence that there is a reasonable possibility of a causal connection between the accident and the condition.

## VI. DAMAGES

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event

you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

If you find for the plaintiff and against the defendant(s), you must then decide the issue of damages. In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. Neither can damages be based on speculation or guesswork because it is only actual damages - what the law calls compensatory damages - that are recoverable.

. Compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury -- tangible and intangible. They are an attempt to restore the plaintiff, that is, to make him whole, or as he was immediately prior to his injury.

Although there is no formula that can be used in establishing the proper award for an injury, you should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

First, you should consider any bodily injury sustained by the plaintiff and any resulting past, present or future pain and suffering, disability, and loss of capacity for the enjoyment of life experienced. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for any damages suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence.

You may award the reasonable value or expense of necessary hospitalization, medicines, and treatment received. However, future medical expenses may only be awarded if a figure has been established by a firm monetary estimate based on reasonable medical probability.

You may make an award for past and future lost wages and fringe benefits. Lost wages include the amount of wages plaintiff did not, and/or will not collect, due to his inability to work as a result of the injury caused by defendant. In your award, if any, you should consider any wages and/or fringe benefits lost in the past and to be lost in the future. Plaintiff must prove past lost wages by a preponderance of the evidence. To obtain an award for loss of future wages, the plaintiff must present evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident at issue.

Finally, a plaintiff is entitled to recover for any loss of his capacity to earn money in the past, and any such loss of earning capacity in the future. An impairment of earning capacity is to be distinguished from loss of wages and earnings. Impairment of earning capacity means the diminished ability, by reason of physical incapacity or impairment, of the plaintiff to obtain work or earn money which he otherwise would have been able to do but for his injuries.

In determining what the plaintiff's earning capacity would have been but for the injury, you should consider evidence relative to the likelihood that his earnings would increase due to personal merit, increased experience and seniority, and other individual and societal factors. Moreover, in considering what effect the plaintiff's injury may have upon his future earning capacity you may consider how it may affect his chances to get a job in light of his education, experience and physical capacity, including whether he may be required to take a physical, and whether or not he could pass a physical.

If you should find that the evidence establishes a reasonable likelihood of lost future wages, loss of future earning capacity, or future medical expenses, then it becomes your duty to ascertain the present worth in dollars of such future damages, since an award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that the plaintiff will in effect be reimbursed in advance of the loss, and will have the use of money which he would not have received until some future date, but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of money representing a lump sum payment of anticipated future loss, the law requires that the jury discount, or reduce to its present worth, the amount of the anticipated future loss by taking (1) the interest rate or return which the plaintiff could reasonably be expected to receive based on the rate of interest prevailing at this time in 2000, on an investment of the lump sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from, the total amount of anticipated future loss whatever that amount would be reasonably certain to earn or return, if invested at such rate of interest over such future period of time; and include in the verdict an award for only the present worth, the reduced amount, of the total anticipated future loss.

Bear in mind that your duty to discount to present value applies only to loss of future wages, loss of future earning capacity, and future medical expenses. If you should find that the plaintiff is entitled to damages for future pain and suffering or future mental anguish, then such award is not subject to any reduction for the present use.

In considering any element of damage to be experienced in the future you are instructed that you should not take into account any possible effect of present or future inflation one way or another.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate – to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

## VII. CONCLUSION

The fact that I have given you an instruction concerning the issue of plaintiffs' damages should not be interpreted as an indication that I believe that a plaintiff, or all of them, should or should not win this case. It is your task to first decide whether the defendants are liable. I have instructed you on damages only so that you will have guidance in the event you decide that the

defendants are liable to one or more of the plaintiffs for monetary damages.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

At the conclusion of the argument, I will hand you a copy of these instructions with a verdict form for you to answer pertaining to liability and awards. All of you must concur in each of the answers you give to the questions submitted.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson herein court. A form of verdict has been prepared for your convenience. I will now explain this form to you.

[EXPLAIN VERDICT FORM]

If, during your deliberation, you should desire to communicate with me or see exhibits, please reduce your message or question to writing, signed by the foreperson, and pass the note to

the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

First, select your Foreperson, then after you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as your are discharged, unless otherwise directed by me.

In deliberating on and arriving at a verdict, you should give this case the same careful and deliberate consideration you would give to any other serious and important matter in life, and the verdict you return should be one which completely satisfies your mind and conscience that, to the very best of your ability, you have interpreted the facts and have applied the law truly, correctly and impartially.

You must follow my instructions as a whole. You have no right to disregard or give special attention to any one instruction.

You may retire to the jury room for the purpose of deliberation.

James T. Trimble
JAMES T. TRIMBLE, JR
UNITED STATES DISTRICT COURT
Lake Charles, Louisiana
August 3, 2000